UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**LINDA PERRY, ET AL.**                                    **CIVIL ACTION**

**VERSUS**

**PHELPS DUNBAR, L.L.P., ET AL.**                    No. 03-CV-333

### RULING ON MOTION TO IMPANEL TWO JURIES

This matter is presently before the Court on a Motion to Impanel Two Juries (Doc. No. 256) filed by defendants, Sue Buser and Martinez & Buser, L.L.C. (collectively referred to as "Buser"). Co-defendant, Jerri Smitko ("Smitko"), opposes the Motion (Doc. No. 257). The Court, having reviewed the record, the law, and the arguments of the parties, now concludes that the defendants' Motion should be **DENIED** for the following reasons.

### BACKGROUND

The instant case involves allegations of malpractice against two attorneys, Buser and Smitko, stemming from an underlying tort suit.

**A. Malpractice Suit against Buser**

In the underlying tort suit, Michelle Ward sued Arntion Landry ("Landry"), Landry's automobile insurance company, Mutual Services Casualty Insurance ("MSCIC"), Earnest Perry ("Perry"), and others for injuries sustained during an automobile collision. The suit alleged that Landry was liable to Ward because Landry decreased his speed in order to rubber-neck, the driver of Ward's vehicle

Doc#1871

decreased her speed, and Ward's vehicle was rear ended by Perry. In the tort suit, Buser represented Landry and MSCIC. Judgement was rendered against Landry in excess of his policy limits. In January of 2003, Smitko sued Buser for malpractice on behalf of Landry. Smitko alleged that Buser failed to settle the tort suit and instead allowed an excess judgment to be rendered against Landry.

### B. Malpractice Suit against Smitko

On April 28, 2003, the malpractice suit against Buser was removed to this Court based on Landry's bankruptcy filing. In the instant suit, MSCIC filed a Motion to Dismiss alleging that the bankruptcy trustee, not Landry, was the proper plaintiff (Doc. No. 5). This Court granted MSCIC's Motion to Dismiss as unopposed. Subsequently, Dwayne Murray ("Murray"), Chapter 7 Bankruptcy Trustee for Landry, filed a Motion to Substitute himself as the proper party plaintiff in place of Landry (Doc. No. 9). The Court granted Murray's Motion to Substitute and Murray amended the complaint to allege malpractice charges against Smitko for allowing MSCIC to be dismissed from this litigation (Doc. No. 66).

Buser previously filed a Motion to Sever the suit against her from the suit against Smitko (Doc. No. 244). The Court denied the Motion to Sever (Doc. No. 253). Buser now seeks to impanel two juries – one to decide the case against Buser and one to decide the case against Smitko. Buser contends that two juries are needed in order to avoid confusion arising from two different burdens of proof as to each defendant.

## ANALYSIS

Jurors "are intelligent and responsible. They can understand complex legal and factual issues that are adequately explained to them with the aid of effective advocates and judges."[1] It is not necessary to impanel two juries for at least three reasons. First, the claims at issue in the case are highly-distinguishable: Buser is alleged to have committed malpractice by reason of her failure to properly handle the underlying tort suit; Smitko is alleged to have committed malpractice by reason of her failure to respond to a Motion to Dismiss. Second, impaneling a single jury would be economical and efficient as consideration of the claims against Smitko and Buser will involve testimony from the same witnesses and parties. Third, any alleged difficulties caused to the trier of fact in considering this case are easily remedied through jury instructions. Accordingly, this Court finds that notions of judicial economy and efficiency greatly outweigh the potential for any prejudice or jury confusion.

Accordingly, for the foregoing reasons assigned,

IT IS ORDERED that the Motion to Impanel Two Juries (Doc. No. 256) filed by defendants, Sue Buser and Martinez & Buser, L.L.C., is **DENIED**.

---

[1] **United States v. Polouizzi,** 687 F.Supp.2d 133, at *207 (E.D.N.Y. Feb.11, 2010)

IT IS FURTHER ORDERED that the Motion for Leave to File Reply Memorandum in Support of Motion to Impanel Two Juries (Doc. No. 258) filed by defendants, Sue Buser and Martinez & Buser, L.L.C., is **DENIED** as moot.

Baton Rouge, Louisiana, this 17th day of November, 2010.

RALPH E. TYSON, CHIEF JUDGE
**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**